Morris County Circuit Court:

PASSAIC BERGEN LUMBER COMPANY, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. RICHARD O. BROWN, BUILDER, AND KENNETH R. STOVER, OWNER, DEFENDANTS.

Decided June 21, 1937.

For the motion, *Harry Dvorken.*

Opposed, *King & Vogt (Harold A. Price).*

LAWRENCE, C. C. J. Plaintiff moves to strike the answer filed in this suit by defendant Kenneth R. Stover on the ground that it is sham. It in substance denies the right of plaintiff to proceed against him and his land under the Mechanics' Lien act, since the building contracts involved with the accompanying specifications were filed in the county clerk's office, in pursuance of section 2 of the act as amended. *Pamph. L.* 1930, *ch.* 212, *p.* 972; *Supp. Comp. Stat.* 1925-1930, *p.* 949, § 126-1, *subdiv.* (2). It is accordingly asserted that plaintiff who supplied lumber and other building materials thereafter to defendant Brown, who in turn had contracts for certain branches of the work, is not entitled to a lien.

The circumstance giving rise to the present motion appears to be that Mr. Stover in 1936 undertook the erection of a dwelling on land owned by him in Madison. Instead of entering into a general contract with a builder, the various branches of the construction were awarded by him directly to individuals and concerns by separate contract, with the result that, through his attorney, he caused to be filed in the county clerk's office on August 3d, of that year, seven of such contracts as a unit, together with one set of general specifications covering the necessary labor and materials required to complete the building, as prepared by his architect. Each contract in terms referred to the specifications. The filing clerk, for the purpose of the office record and apparently following a practice prevailing, fastened to each contract an "official back," on which he endorsed the names of the parties, the date of the contract, the date of filing and other data required to be kept by provisions of the Mechanics' Lien act. In this way the separate contracts were officially numbered from 1041 to 1047, inclusive. Evidently not realizing that the several contracts covered but a single building, which indicated that they should be filed together, and without the knowledge of defendant Stover, or his attorney, the clerk enclosed the set of general specifications within the back or folder he had numbered 1041 containing the contract which related to the electrical work only.

Defendant Brown had two of the contracts, one for the carpenter and mason work and the other for the plumbing and sheet metal work. As stated, certain lumber and other materials were purchased by him of plaintiff and used in the construction of the building. An indebtedness having been incurred and not paid, as a set of the specifications did not appear with either of these contracts and failing to discover or ignoring the set within the folder containing the contract numbered officially 1041, plaintiff filed the mechanics' lien, on which the present suit is based, for the debt owing to it from Brown, alleging that the contracts had not been filed with the accompanying specifications as required by section 2 of the act, *supra*.

This section provides that whenever any building shall be erected by contract in writing, signed by the record owner of the estate or interest in the land which is to be charged with a lien under the act, the building and the land whereon it stands, to the extent of the estate or interest so charged, shall be liable to the contractor alone for the work done or materials furnished in pursuance of the contract; provided, the contract, or a duplicate thereof, together with the specifications accompanying it, or a copy or copies thereof, be filed in the office of the clerk of the county in which the building is situate before the work is done or the materials are furnished.

On the argument of the motion to strike the answer, because of the manner in which the contracts and the set of specifications had been filed in the county clerk's office, counsel for plaintiff urged that strict observance of the proviso of the second section of the act is essential and, while admitting that the statute does not in terms so require, cited the case of *Mezzaluna* v. *Jersey Mortgage and Title Guaranty Co.*, 109 *N. J. L.* 340; 162 *Atl. Rep.* 743, as implying that the specifications must be "attached" to each contract when filed and that a failure to do so, even though they be otherwise filed, subjects the building and land to lien.

While the text of the opinion in that case does contain the factual statement, taken from the decision of the trial judge in the court below, that the building contract there involved did not have attached to it at the time of its filing the specifications referred to in the agreement, the court on appeal pointed out that the contract needed specifications to make it complete and those specifications had not been filed. The case is not, for that reason, regarded as an authority supporting the view that the statute does require in fact that the contract with the specifications attached must be filed to avoid liens.

The question here raised is, therefore, whether when the contracts with one set of the general specifications were delivered to the county clerk for filing, the owner was required to see that they were fastened together with the specifications as one document, as it were, and so officially marked; or

whether his legal duty was performed when the contracts with the set of specifications were sent to the clerk's office with instruction to file them, as apparently was done, as indicated in the affidavits submitted on the argument of the present motion? Also, as a corollary, whether the owner was charged with knowledge that the filing clerk in the office would "officially back" each contract, give it a separate number, and enclose the set of specifications covering the entire construction within one of them as he did?

Although a strict construction of provisions of the Mechanics' Lien act is the recognized rule, it is to be suggested that there should be a reasonable interpretation of the requirements, and it is not perceived how plaintiff or anyone else would have been misled or fail to discover the general specifications accompanying the contracts as filed, which together comprehended the proposed construction as a whole. In examining the file in the county clerk's office, plaintiff, or its representative, would have found the separate contracts, numbered *serialim*, relating to the branches of the building operation and with No. 1041 the set of general specifications to which all of the contracts referred. If not discovered, however, inquiry of the clerk in charge would undoubtedly have disclosed that the specifications had been filed.

The method of marking and filing adopted by the clerk may perhaps have been irregular, still there is nothing to indicate that the owner was under a duty to determine the manner or charged with knowledge as to how it had actually been done. On the other hand, it would seem that when he caused the contracts and the set of general specifications to be delivered to the county clerk's office with the instruction to file, he had a right to assume that it would be done in accordance with the statutory provision, which the clerk was required officially to observe, and that his (the owner's) obligation ended there. The conclusion is that it should be so held and that the motion to strike the answer should be denied.

It was stipulated on the argument of the motion that if the court should find that the contracts of defendant Brown had been filed with the accompanying specifications within

the purview of the statute, the ruling should be regarded as dispositive of the suit and as though defendant Stover had moved to strike the complaint and to discharge the lien claim. A rule may accordingly be submitted denying the motion to strike the answer, striking the complaint and directing the discharge of such claim.